UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAMARA MANNISTO,<br><br>Defendant. | No. 2:23-cr-00183-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Tamara Mannisto's ("Defendant") Motion to Terminate Restitution Payments. (ECF No. 30.) The Government filed an opposition. (ECF No. 33.) For the reasons set forth below, the Court DENIES Defendant's request.

On October 5, 2023, Defendant pleaded guilty to bank fraud in violation of 18 U.S.C. § 1344(2). (ECF No. 29.) On June 21, 2024, the Court sentenced Defendant to 21 months of imprisonment, a 36-month term of supervised release, a special assessment of $100, and restitution in the amount of $1,203,032.00. (*Id*.) As to restitution, the judgment imposed a payment schedule on Defendant during her period of incarceration of 10% of her gross monthly income or $25 per quarter, whichever is greater. (*Id*.) On October 21, 2024, Defendant filed the instant *pro se* Motion to Terminate Restitution Payments. (ECF No. 30.)

Defendant raises various arguments as to why the Court should absolve her from restitution payments, including that: (1) she is unable to make payments now or in the future as

1

1   she is destitute; and (2) the victim of her crime was reimbursed $250,000 by the bank so she
2   should not be responsible for that amount. (*Id*. at 1.) Defendant further argues, in the alternative,
3   the payment plan should be modified to only require Defendant to pay $10 a month, instead of
4   $25 a month, if the Court is unable to terminate restitution in its entirety. (*Id.*)

5   As to Defendant's first argument, the Government argues the Mandatory Victims
6   Restitution Act ("MVRA") makes restitution mandatory for offenses involving fraud and deceit.
7   (*Id.* at 2.) More specifically, the Government cites *United States v. Oak*, 398 F. App'x 274, 274
8   (9th Cir. 2010) and *United States v. Roper*, 462 F.3d 336, 338 (4th Cir. 2006) for the proposition
9   that a district court cannot modify the amount of restitution ordered under the MVRA after
10  judgment has been entered based on an inability to pay. Further, the Government distinguishes
11  the cases relied on by Defendant by pointing out that in three of those cases, restitution was
12  imposed pursuant to the Victim Witness Protection Act, which does permit a court to consider a
13  defendant's ability to pay when determining the amount of restitution to impose. (*Id*. at 3.) The
14  Government also contends the other cases cited by Defendant are inapposite. (*Id.*) Finally, the
15  Government argues Defendant agreed to the amount of restitution in her plea agreement with the
16  United States and now seeks to retain the benefits she received from that agreement while
17  disavowing the requirement to pay restitution. (*Id*.)

18  As to Defendant's second argument, the Government argues Defendant has not provided
19  any evidence of the reimbursement paid to the victim or the nature of it. (*Id.* at 4.) Even if the
20  victim was provided with a reimbursement, however, the Government argues Defendant has not
21  offered an explanation as to why the reimbursement would reduce the amount of restitution owed
22  by her to the IRS. (*Id*.) Rather, the Government contends, the bank would become a substitute
23  payee for the amount owed to the IRS. (*Id.*)

24  Finally, as to the request for an alternate payment schedule, the Government argues the
25  payment schedule imposed at sentencing was already nominal based on Defendant's inability to
26  pay and Defendant fails to explain or support whether she has had a material change in economic
27  circumstances since sentencing to warrant a change in the payment schedule. (*Id*. at 4.)

28  The Court agrees with the Government. Defendant has failed to provide any authority that

this Court should terminate the imposed restitution amount or support for her request to lower the payment amounts pursuant to the payment schedule.  Further, the Government correctly argues the MVRA makes restitution mandatory for offenses involving fraud and deceit and the payment schedule imposed at sentencing was already nominal based on Defendant's inability to pay.  Thus, the Court declines to modify the well-supported restitution order based on the existing record.

    Accordingly, the Court DENIES Defendant's motion.  (ECF No. 30.)

    IT IS SO ORDERED.

Date: January 7, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE